IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH NEBROSKIE AND HSF TRANSPORTATION LCC,<br><br>Plaintiff(s)<br><br>v.<br>AMERILINE TRUCKING INCORPORATED, IGOR YUSUPOV and HALYNA ZABRONSKA<br><br>Defendant(s) | Civil Action No:18-cv-1070 |

## DEFENDANTS' *RENEWED* MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C.S. § 1404(a)

AND NOW, COME Defendants, Ameriline Trucking Incorporated ("Ameriline"), Igor Yusupov ("Yusupov"), and Halyna Zabronska ("Zabronska") (collectively referred to as "Moving Defendants"), by and through their attorneys, Pion, Nerone, Girman, Winslow & Smith, P.C., and hereby submit this Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C.S § 1404(a), averring as follows:

1. In this action, Plaintiffs allege violation of Truth in Leasing Regulations, 29 U.S.C. § 14704 & 49 CFR Part 376 (Count I), Slander/Defamation (Count 2),[1] Breach of Contract (Count III), and Unjust Enrichment (Count III (sic)), and Count IV (Conversion). See Plaintiffs' Complaint, true and correct copy of which is incorporated herein and attached as **Exhibit "A."**

---

[1] Defendants are numbering the counts in the same manner as the Complaint.

1

2.       Plaintiff Joseph Nebroskie resides at 1505 Howard Avenue, Pottsville, Schuylkill County, within the jurisdiction of the Middle District of Pennsylvania. Id., ¶ 8.

3.       Plaintiff HSF Transport L.L.C. is a Pennsylvania limited liability company doing business at 219 E. Lancaster Avenue, Shillington, Berks County, Pennsylvania, which admittedly is within this judicial district. Id., ¶ 9.[2]

4.       Ameriline is an Illinois corporation with a principal place of business at 850 West Bartlett Rd. # 10 C, Bartlett, Cook County, Illinois. Id., ¶ 13.

5.       Yusupov and Zabronska reside at 1260 White Chapel Drive, Algonquin, Kane County, Illinois. Id., ¶¶ 16-17.

6.       As their sole basis for venue, Plaintiffs assert that venue in the Eastern District of Pennsylvania is proper "under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district." Id., ¶ 6.

7.       Specifically, the Complaint alleges that in July 2016, Ameriline advertised for truck drivers on an Allentown, Pennsylvania Craigslist page. Id., ¶ 23.

8.       Plaintiffs also claim that Yusupov traveled to "Mt. Clair, Pennsylvania"[3] to discuss the terms of an agreement with Ameriline. Id., ¶ 25.

---

[2] When "deciding a motion to dismiss, the court 'accept[s] as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and views them in the light most favorable to the non-moving party.'" UniStrip Techs., LLC v. LifeScan, Inc., 153 F. Supp. 3d 728, 735 (E.D. Pa. 2015), citing DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007). Any factual admissions, therefore, are made only for the purposes of this Motion.

[3] There is no such location as Mt. Clair, Pennsylvania. Moving Defendants believe that Plaintiffs may be referring to St. Clair, Pennsylvania, which is near Pottsville in Schuylkill County, Pennsylvania. Again, this would be in the Middle District of Pennsylvania. In any event, as described in the affidavit attached as Exhibit "B," Yusupov never traveled anywhere in Pennsylvania, let alone to this district, to discuss the terms of the contract.

9. Contrary to Plaintiffs' allegations in the Complaint, Ameriline has never advertised in the Allentown, Pennsylvania Craiglist page, or any other Pennsylvania Craigslist pages. See Paragraphs 4-7 of the Affidavit of Igor Yusupov, a true and correct copy of which is incorporated herein and attached as **Exhibit "B."**

10. Yusupov also never traveled to Pennsylvania to finalize the agreement with Plaintiff Joseph Nebroskie ("Plaintiff"). Id., ¶ 8.

11. Neither Yusupov nor any other agent or representative of Ameriline traveled to Pennsylvania to discuss, draft, or finalize any agreement with Plaintiff. Id., ¶ 9.

12. On the contrary, Plaintiff traveled to 2080 Poplar Avenue, Hanover Park, Illinois 60133 to fill out an employment application and sign an agreement on July 20, 2016. Id., ¶ 11.

13. On July 20, 2016, Plaintiff underwent pre-employment drug testing at Med-Stop Elk Grove, 1654 Greenleaf Avenue, Elk Grove Village, Illinois 60007. Id., ¶ 12.

14. Two Illinois residents, Khalilillo Saidmuradov and Olena Lytvyn, were present when Plaintiff came to Illinois in July 2016, and can confirm that the agreement was entered in Illinois. Id., ¶ 13.

15. All of Ameriline's contracts are negotiated and executed in Illinois and Yusupov has never been to Plaintiff's home. Id., ¶¶ 14-15.

16. Yusupov has never been to Plaintiff HSF Transportation LL's ("HSF") place of business. Id., ¶ 16.

17. No checks, paystubs, or any other communications from Ameriline ever were mailed to HSF's place of business. Id., ¶ 17.

18.     To the extent Plaintiffs may try to argue that venue is proper based on any communications between Plaintiffs' counsel (who may have an office in this jurisdiction) and Moving Defendants, see id., ¶¶ 49-51, Moving Defendants refer to Pa. RPC 3.7 (prohibiting a lawyer from serving as a witness except in limited circumstances that are not applicable here).

19.     By Order dated November 6, 2018 (Docket No. 5), this Honorable Court denied Defendants' Motion without Prejudice to allow the parties to conduct discovery on the issue of proper Venue.

20.     Plaintiff has taken no discovery on the issue of venue since the time of this Court's Order.

21.     On November 30, 2018, Defendants served Plaintiff with Requests for Admission via email at the addresses for Plaintiff's counsel listed on the filing for this matter with this court. A copy of the Requests for Admission are attached hereto as Exhibit C.

22.     Pursuant to the Federal Rules of Civil Procedure regarding Requests for Admission:

> (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

F.R.P.C. 36

23.     Plaintiff's response to Defendants' Requests for Admission were due pursuant to the rule on or before December 31, 2018.

24.     As of the filing of this renewed Motion, Plaintiff has not responded to the Requests for Admission and therefor those requests are deemed admitted.

25. As such, for purposes of Defendants' Renewed Motion to Dismiss for Improper Venue or to Transfer, the following facts are admitted:

    a. Plaintiff has no evidence showing that any events related to the allegations in Plaintiff's Complaint occurred in the Eastern District of Pennsylvania.

    b. Plaintiff has no evidence that Defendants advertised on the Craigslist Allentown subpage related to the allegations in Plaintiff's Complaint.

    c. Plaintiff has no evidence that Defendant, Igor Yusupov, traveled to St. Clair, Pennsylvania and allowed Plaintiff to inspect the 2007 Volvo Truck.

    d. Plaintiff has no evidence that Defendant, Igor Yusupov, traveled to Mt. Clair, Pennsylvania and allowed Plaintiff to inspect the 2007 Volvo Truck.

    e. Plaintiff has no evidence that any representative of Ameriline Trucking traveled to St. Clair or Mt. Clair, Pennsylvania for any reason or purpose related to any allegation in Plaintiff's Complaint.

    f. Plaintiff admits that venue is not proper in the Eastern District of Pennsylvania.

26. Defendants' Requests for Admission invited Plaintiff to provide any information that would provide specific factual support of any Request that was denied, and Plaintiff has not provided any such information.

27. Defendants hereby Renew their Motion to Dismiss for Improper Venue or in the Alternative to Transfer to the appropriate federal district in Illinois.

## Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3)

28. The statute governing the venue of district courts is as follows:

    **(b)** Venue in general. A civil action may be brought in—

        **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 USCS § 1391(b).

29. In this case, Section (b)(1) cannot apply because Moving Defendants are not residents of Pennsylvania.

30. A significant portion of the events giving rise to the claim occurred within the jurisdiction of the Northern District of Illinois: the parties discussed and executed the contract there, and Plaintiff took his pre-employment drug test there, so Section (b)(3) does not apply, either.

31. As Plaintiffs have indeed alleged in their Complaint, venue is proper in this judicial district only if a "substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Pennsylvania.

32. The "test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,' theoretically a more easily demonstrable circumstance than where a 'claim arose.'" Cottman Transmission Sys. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).

33. Additionally, "'even if some events that gave rise to a claim occurred in a district, events or omissions that might only have some tangential connection with the dispute in litigation are not enough.'" Lomanno v. Black, 285 F. Supp. 2d 637, 642 (E.D. Pa. 2003) (citations omitted).

34.     In this case, the one significant event that Plaintiffs allege occurred in this district, which is that Ameriline advertised in Allentown, did not actually happen.

35.     Yusupov never traveled <u>anywhere</u> in Pennsylvania to negotiate or execute the contract giving rise to this action.

36.     To the extent this Honorable Court considers contact between Moving Defendants and Plaintiffs' counsel in determining venue, such contacts are tangential to the dispute and not "substantial."

37.     Once a "moving party does submit competent evidence refuting jurisdiction, the non-moving party shoulders the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the matter." It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH, 2013 U.S. Dist. LEXIS 107149, *13, 2013 WL 3973975 (M.D. Pa. July 31, 2013).

38.     In other words, after "allegations [of jurisdiction] are contradicted by an opposing affidavit, … plaintiffs must present similar evidence in support of personal jurisdiction." In re Chocolate Confectionary Antitrust Litig., 674 F. Supp. 2d 580, 595 (M.D. Pa. 2009).

39.     Furthermore, "Rule 12(b)(3), in conjunction with 28 U.S.C. §1391, requires the court to dismiss the case if the plaintiff fails to show that the district in which the suit is brought is the proper venue." Id., 2013 U.S. Dist. LEXIS 107149, *12, 2013 WL 3973975.

40.     Therefore, *Plaintiffs must establish by a preponderance of the evidence that venue is proper in this district if they hope to defeat this Motion to Dismiss.*

41.     Moving Defendants submit that Plaintiff will not be able to meet this burden. To be sure, Plaintiff was given the opportunity to do this by the Court and has utterly failed to establish proper venue in this court. As such, the only just relief is dismissal of this matter with prejudice.

42. For all of the reasons outlined above, Moving Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

**In the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C.S § 1404(a)**

43. With regard to venue transfer:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 USCS § 1404(a).

44. When considering a Motion to Transfer Venue, "commentators have called on the courts to 'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), *citing* 15 WRIGHT ET AL. § 3847.

45. As this Honorable Court has noted:

> Courts engage in a balancing of the several private and public interests that are protected by the language of § 1404(a), although there is no definitive formula for the court to follow. Jumara, 55 F.3d at 879. The private interests include: 1) plaintiff's forum preference as manifested in the original choice; 2) defendant's preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties as indicated by their relative physical and financial conditions; 5) the convenience of witnesses, only to the extent that a witness may be unavailable for trial in one of the fora; and 6) location of books and records, again only to the extent they may be unavailable in one of the fora. Id. at 879 (citations omitted). The public interests include: 1) enforceability of any judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) relative administrative difficulties in the two fora resulting from court congestion; 4) local interest in deciding local controversies at home; 5) public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80 (citations omitted).

Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp. 2d 438, 445 (E.D. Pa. 1999).

46. A "plaintiff's 'choice [of forum] receives less weight where none of the operative facts occurred in the selected forum.'" Coppola v. Ferrellgas, 250 F.R.D. 195, 198 (E.D. Pa. 2008) (citation omitted).

47. In this case, the operative facts all occurred outside of the Eastern District of Pennsylvania:

    a. The contract was executed in Illinois. See Exhibit "B," ¶ 11;

    b. Plaintiff's pre-employment drug testing took place in Illinois. Id., ¶ 12;

    c. Plaintiff picked up the tractor-trailer in Illinois. See Exhibit "A," ¶ 28;

    d. Moving Defendants allegedly called their local police department in Illinois to report the vehicle stolen. Id., ¶ 52;

    e. Plaintiff was arrested in Nassau County, Florida and incarcerated there. Id., ¶¶ 53-54.

48. Plaintiffs' choice of forum, therefore, should not be given a significant amount of weight.

49. Generally, the "most appropriate venue is governed by the third factor -- where a majority of events giving rise to the claim arose." Coppola, 250 F.R.D. at 198.

50. The majority of events giving rise to Plaintiffs' claims arose in the Northern District of Illinois.

51. Given that Plaintiff traveled to Illinois to sign the contract, undergo pre-employment testing, and pick up the vehicle, it should not be onerous for him to maintain a cause of action there. See, e.g., Coppola, 250 F.R.D. at 199.(noting that "in light of the fact that the three injured Plaintiffs were working at a construction site in Princeton, only thirteen miles from

9

the Trenton courthouse, the travel time from their homes to Princeton, New Jersey could not be as onerous or financially burdensome as they now claim").

52. In considering the convenience of fact witnesses, courts primary evaluate the convenience of fact witnesses. Id.

53. In this case, the following fact witnesses all are located in Illinois:

   a. Khalilillo Saidmuradov;

   b. Olena Lytvyn;

   c. Medical Review Office Pawel K. Kwiecinski, or any custodian of records at Med-Stop; and

   d. the police officer(s) or other law enforcement personnel to whom Moving Defendants allegedly reported the tractor-trailer stolen.

54. It is not clear from the Complaint that any fact witnesses reside within this judicial district.

55. Consideration of the location of books and records "should be limited to the extent that the files could not be produced in the alternative forum." Lomanno, 285 F. Supp. 2d at 647.

56. Given the reference to electronic communications in the Complaint, there is no reason to believe Plaintiffs could not produce their files if this case were tried in the Northern District of Illinois.

57. A judgment from the Northern District of Illinois would be equally as enforceable as one from this Honorable Court, so this public factor should not be given any weight.

58. Likewise, either of the above-referenced courts is competent to administer the case.

59. The "burden of jury duty should not be placed on citizens with a remote connection to the lawsuit.'" Coppola, 250 F.R.D. at 200-201 (citation omitted).

60. The local interest, therefore, favors transferring the case to the location where the contract was executed rather than allowing it to remain in a venue with virtually no connection to Plaintiffs' claims.

61. There are no strong public policy interests favoring one federal district court over another in this case. See, e.g., Lomanno, 285 F. Supp. 2d at 647 ("As other courts have stated, depending on the circumstances, some public interest factors may play no role in a Section 1404(a) balancing.").

62. It is true that "[u]nder traditional choice of law analysis, the state where the plaintiff is domiciled generally, but not always, will be deemed to have the greater interest in a defamation case." Buckley v. McGraw-Hill, Inc., 782 F. Supp. 1042, 1047 (W.D. Pa. 1991).

63. The following is also true, however:

> Pennsylvania courts, adopting the approach of the Restatement (Second) of Conflict of Laws, consider the following contacts relevant to determining the appropriate choice of law in an action for breach of contract: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicil, residence, nationality, place of incorporation, and place of business of the parties.

Toll v. Tannenbaum, 982 F. Supp. 2d 541, 550 (E.D. Pa. 2013).

64. This Honorable Court likely would apply Pennsylvania law to the defamation claim and Illinois law to the breach of contract claim, so the final public factor does not weigh particularly for or against transfer. See, e.g., Coppola, 250 F.R.D. at 201-202 (citation omitted) ("Justice requires that, whenever possible, a diversity case should be decided by the court most familiar with the applicable state law.").

11

65.     Because the majority of events giving rise to Plaintiffs' claims arose in the Northern District of Illinois and the majority of fact witnesses are located in Illinois, and there are no factors weighing heavily in favor of keeping this action in this district, Defendants submit that this Honorable Court should transfer venue to the Northern District of Illinois if it does not dismiss the Complaint.

WHEREFORE, Defendants, Ameriline Trucking Incorporated, Igor Yusupov, and Halyna Zabronska, respectfully request that this Honorable Court grant their Motion and enter the attached proposed Order dismissing Plaintiffs' Complaint with prejudice.

Respectfully submitted,

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**

Date:  January 3, 2019

BY: _____

James DeCinti, Esquire
Attorney I.D. #PA 77421
Payne Shoemaker Bldg., 10th Fl.
240 North Third Street
Harrisburg, PA  17101

*Attorneys for Defendants, Ameriline Trucking Incorporated, Igor Yusupov, and Halyna Zabronska*

## CERTIFICATE OF SERVICE

I, James DeCinti, Esquire, hereby certify that a true and correct copy of the foregoing *Renewed Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C.S § 1404(a)* was served upon counsel of record via electronic filing, this 3rd of January, 2019, as follows:

> Michael J. Cammarano Jr., Esquire
> Cammarano & Cammarano, P.C.
> 219 E. Lancaster Ave.
> Shillington, PA 19607
> *mike@cammaranolaw.com*
> **Counsel for Plaintiffs**

> **PION, NERONE, GIRMAN,
> WINSLOW
> & SMITH, P.C.**
>
> BY: _/s/ James DeCinti_
>
> James DeCinti, Esq.
> Attorneys for Defendants