IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH NEBROSKIE AND HSF TRANSPORTATION LCC, <br><br> Plaintiff(s) <br><br> v. <br> AMERILINE TRUCKING INCORPORATED, IGOR YUSUPOV and HALYNA ZABRONSKA <br><br> Defendant(s) | : : : : : : : : : : : : : | Civil Action No:18-cv-1070 |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF _RENEWED_ MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C.S. § 1404(a)**

AND NOW, come Defendants, Ameriline Trucking Incorporated ("Ameriline"), Igor Yusupov ("Yusupov") and Halyna Zabronska ("Zabronska") (collectively referred to as "Moving Defendants"), by and through their attorneys, Pion, Nerone, Girman, Winslow & Smith, P.C. and hereby submit this Reply Brief in *Further Support of* Renewed Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C.S. § 1404(a).

I.  **Plaintiffs' Response is Untimely and Procedurally Deficient**

Pursuant to Eastern District Local Civil Rule 7.1(c), "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief." E.D. Pa. Local Civil Rule 7.1(c) (emphasis added). Furthermore, "[i]n the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R.Civ.P. 56." Id.

1

In the present case, Moving Defendants filed their Renewed Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C.S. § 1404(a) and Memorandum of Law on **January 3, 2019.** See Docs. 20, 20-4. Plaintiffs' counsel was served with Moving Defendants' Renewed Motion and Memorandum of Law via ECF system that same day – January 3, 2019.

Pursuant to Local Civil Rule 7.1(c), Plaintiffs response was due on **January 17, 2019.** Due to Plaintiffs' failure to file a timely response and supporting brief, Moving Defendants' filed a letter with this Honorable Court indicating Plaintiffs' failure to timely respond to Moving Defendants' Motion, and requested that this Honorable Court grant Moving Defendants' Motion to Dismiss for Improper Venue as uncontested on January 18, 2019. See Doc. 23. In the late evening hours of January 18, 2019, 11:56 p.m. and 11:58 p.m., respectively, and only after Moving Defendants filed their letter with the Court, Plaintiffs purportedly filed their Response in Opposition and Memorandum of Law in Support of their Response in Opposition. See Docs. 24 & 25. Plaintiffs' Response in Opposition cites absolutely no case law in support of Plaintiffs' position.

While purporting to file a Memorandum of Law in Support of their Response in Opposition, Plaintiffs have simply filed a one page document with the heading "Memorandum of Law in Support of Plaintiffs' Response to Defendants' Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer Venue. Notably, however, Plaintiffs' Memorandum contains absolutely nothing besides the heading. It is a single sheet of paper with the caption of the case and the purported heading of the document. It contains nothing else. See Doc. 25.

Therefore, because Plaintiffs' Response and Memorandum are late and procedurally deficient, Moving Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## II.     Plaintiffs Failed to Adduce Evidence that Venue is Proper

As described in Moving Defendants' Memorandum of Law, once a "moving party does submit competent evidence refuting jurisdiction, the non-moving party shoulders the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the matter." It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH, 2013 U.S. Dist. LEXIS 107149, *13, 2013 WL 3973975 (M.D. Pa. July 31, 2013). In other words, after "allegations [of jurisdiction] are contradicted by an opposing affidavit … plaintiffs must present similar evidence in support of personal jurisdiction." In re Chocolate Confectionary Antitrust Litig., 674 F. Supp. 2d 580, 595 (M.D. Pa. 2009).

In the present case, Plaintiffs have offered no evidence to support venue in the Eastern District of Pennsylvania other than the self-serving affidavit of Plaintiff, Joseph Nebroskie. Furthermore, in response to the Order denying Defendants' initial Motion without prejudice, issued by the Honorable Judge Schmehl on November 6, 2018, on November 30, 2018, Moving Defendants propounded Requests for Admissions with corresponding Interrogatories and Request for Production of Documents upon Plaintiffs related to the issue of venue.[1]  To date, Plaintiffs have failed to respond to Moving Defendants' Requests for Admissions and have provided no

---

[1] Judge Schmehl ordered the parties to conduct discovery on the issue of venue within sixty (60) days of his November 6, 2018 Order. Moving Defendants' complied with this mandate by serving their Requests for Admissions upon Plaintiffs on November 30, 2018.

3

information to support their assertion that venue is proper in the Eastern District. Those admissions must at this point be deemed admitted.

Beyond the alleged Craigslist posting, which Moving Defendants have refuted by providing documents that Ameriline only posted on the Chicago Craigslist page,[2] and one alleged but unsubstantiated meeting in the Middle District of Pennsylvania, the only other claims Plaintiffs have marshalled in support of venue are vague assertions that Plaintiff Nebroskie picked up or delivered freight within the Eastern District of Pennsylvania or traveled through the Eastern District of Pennsylvania while operating under Ameriline's authority. See Doc 24, Plaintiffs' Response, Exhibit A, ¶¶ 15-20. He also alleges, without documentary support, that Ameriline had "continuous and systematic" contact with Pennsylvania and the Eastern District of Pennsylvania. Id., ¶¶ 21-24.[3] None of these allegations, even if true, establishes that a "substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Pennsylvania, as required to make venue proper pursuant to 28 USCS § 1391(b)(2). Plaintiffs' Response does not refute that a "substantial part of the events" took place in the Northern District of Illinois: that indisputably is where the parties discussed and executed the contract and where Plaintiff Nebroskie underwent pre-employment drug testing. It is also the location where Plaintiffs allege Moving Defendants contacted their local police to report a stolen vehicle. See, e.g., Doc. 1, Plaintiffs' Complaint, ¶ 52.

Plaintiffs have failed to establish by a preponderance of the evidence that venue is proper in the Eastern District of Pennsylvania. Moving Defendants, therefore, respectfully renew their

---

[2] See Docs. 21, 21-1.

[3] Plaintiffs appear to be conflating the requirements for personal jurisdiction with the venue requirements of 28 U.S.C.S. § 1391(b).

request that this Honorable Court dismiss Plaintiffs' Complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## III.    In the Alternative, Venue Should be Transferred to the Northern District of Illinois

Assuming *arguendo* that Plaintiffs had established that venue might be proper in this Court, which Moving Defendants deny for the reasons described in Section II above, they certainly have not shown why the Eastern District of Pennsylvania is a more appropriate venue than the Northern District of Illinois. In short, Plaintiffs have offered no material response to Defendants' argument that venue should be transferred to the Northern District of Illinois pursuant to 28 U.S.C.S. § 1404(a).

Plaintiffs' Response serves no rebuttal to Moving Defendants' contention that "'on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), *citing* 15 WRIGHT ET AL. § 3847. In their Motion and Memorandum of Law in support of same, Moving Defendants already have outlined why venue should be transferred to the Northern District of Illinois, in significant part because the "majority of events giving rise to the claim arose" there. Coppola v. Ferrellgas, 250 F.R.D. 195, 198 (E.D. Pa. 2008). Plaintiffs' Response essentially ignores this issue.

Plaintiffs do not deny that the contract was executed in the Northern District of Illinois, that Plaintiff Nebroskie underwent pre-employment drug testing there, that Plaintiff Nebroskie picked up the vehicle there, or that fact witnesses are located there. In fact, Plaintiffs have identified more potential witnesses in the Northern District of Illinois. Plaintiff Nebroskie asserted that bills of lading, fuel receipts, tolls, and repair invoices "would be in the possession of both Ameriline and the third-party factoring company, engaged by Ameriline, known as RTS Financial

("RTS") a branch [sic] is <u>located at 1933 N. Meacham Road Schaumburg, IL</u> 60173." See Doc. 24, Plaintiffs' Response, Exhibit A, ¶¶ 19-20 (emphasis added).

If this Honorable Court does not dismiss Plaintiffs' Complaint for improper venue, relevant factors weigh heavily in favor of transferring venue to the United States District Court for the Northern District of Illinois.

## IV. Conclusion

WHEREFORE, for the reasons stated herein, Moving Defendants, Ameriline Trucking Incorporated, Igor Yusupov, and Halyna Zabronska, respectfully requests this Honorable Court grant their *Renewed* Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C.S § 1404(a).

Respectfully submitted,

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**

Dated: January 21, 2019

BY: /s/ James DeCinti

James DeCinti, Esquire
Attorney I.D. #PA 77421
Payne Shoemaker Bldg., 10th Fl.
240 North Third Street
Harrisburg, PA 17101

*Attorneys for Defendants, Ameriline Trucking Incorporated, Igor Yusupov, and Halyna Zabronska*

## CERTIFICATE OF SERVICE

I, James DeCinti, Esquire, hereby certify that a true and correct copy of the foregoing *Reply Brief in Further Support of RENEWED Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C.S § 1404(a)* was served upon counsel of record via electronic filing, this 21st day of January, 2019, as follows:

>Michael J. Cammarano Jr., Esquire
>Cammarano & Cammarano, P.C.
>219 E. Lancaster Ave.
>Shillington, PA 19607
>*mike@cammaranolaw.com*
>**Counsel for Plaintiffs**

>**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**
>
>BY: /S/ James DeCinti
>James DeCinti, Esq.
>Attorneys for Defendants