## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH NEBROSKIE and** | : | **CIVIL ACTION** |
| **HSF TRANSPORTATION LLC,** | : | |
| *Plaintiffs,* | : | |
| | : | |
| **v.** | : | **No. 18-1070** |
| | : | |
| **AMERILINE TRUCKING INC.,** | : | |
| **IGOR YUSUPOV, and** | : | |
| **HALYNA ZABRONSKA,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

### I.    INTRODUCTION

Before the Court is Defendants' Renewed Motion to Dismiss for Improper

Venue or in the Alternative, Motion to Transfer Venue (ECF No. 20), Plaintiffs'

Response (ECF Nos. 24 & 25), and Defendants' Reply (ECF No. 26).

### II.    BACKGROUND

This action arises from Plaintiffs' alleged purchase of a tractor-trailer from

Defendants.  Plaintiffs allege the following: violations of the leasing regulations

governing the terms and conditions pursuant to which owner-operators lease

equipment to authorized motor carriers for the transport of property under 49

U.S.C. §§ 14102 and 14704(a)(1) and (2), and 49 C.F.R. Part 376 *et seq.* (Count I);

Slander/Defamation (Count II); Breach of Contract (Count III); Unjust Enrichment

(Count IV); and Conversion (Count V).  ECF No. 1.  Plaintiff Joseph Nebroskie

1

resides at 1505 Howard Avenue, Pottsville, Pennsylvania, which is within the

Middle District of Pennsylvania. ECF No. 20 at ¶ 2; ECF No. 24 at ¶ 2. Plaintiff

HSF Transport LLC ("HSF") is a Pennsylvania limited liability company doing

business at 219 E. Lancaster Avenue, Shillington, Pennsylvania, which is within

the Eastern District of Pennsylvania. ECF No. 20 at ¶ 3; ECF No. 24 at ¶ 3.

Plaintiff Nebroskie is the sole member of HSF, ECF No. 1 at ¶ 9, and thus,

Plaintiff HSF is a citizen of the Middle District of Pennsylvania. *See Zambelli

Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship

of an LLC is determined by the citizenship of its members.").

Defendant Ameriline is an Illinois corporation with a principal place of

business at 850 West Bartlett Road, Bartlett, Illinois. ECF No. 20 at ¶ 4; ECF No.

24 at ¶ 4. Defendants Igor Yusupov and Halyna Zabronska reside at 1260 White

Chapel Drive, Algonquin, Illinois. ECF No. 20 at ¶ 5; ECF No. 24 at ¶ 5.

Plaintiffs assert that venue in the Eastern District of Pennsylvania is proper under

28 U.S.C. 1391(b)(2), in that "a substantial part of the events or omissions giving

rise to the claim occurred in this district." ECF No. 1 at ¶ 6.

According to the Complaint, Plaintiffs allege that on or about July 2016,

Defendant Ameriline posted an advertisement on "the Allentown, Pennsylvania

Craigslist page for truck drivers who were interested in becoming owner-operators

through their lease-purchase program." ECF No. 1 at ¶ 23. Plaintiff Nebroskie

2

responded to that advertisement and contacted Defendant Yusupov to discuss the terms. *Id.* at ¶ 24. Plaintiffs purport that Defendant Yusupov subsequently met with Plaintiff Nebroskie in St. Clair, Pennsylvania to finalize the purchase of the tractor-trailer by way of a lease-purchase agreement. *Id.* at ¶¶ 25 & 26. "The terms of this agreement made orally, and which was followed up by a confirmatory email from Nebroskie stating that Nebroskie and Ameriline agreed on a lease purchase of a 2007 Volvo truck number 816 for the total price of $20,000. Nebroskie would make an initial $8,000 deposit and would make monthly payments thereafter in the amount of $1,000 per month for 12 months. Once payment was made in full[,] title[] would be transferred to Nebroskie." *Id.* at ¶ 27. Plaintiffs aver that on or about August 24, 2016, Plaintiff Nebroskie travelled to Ameriline's principal place of business in Bartlett, Illinois, to acquire possession of the tractor-trailer. *Id.* at ¶ 28.

Plaintiffs allege that due to the discovery of previously unknown damage to the tractor-trailer, Defendant Ameriline agreed to substitute a 2010 Freightliner, with VIN number 1FUJGLDR4ASAB6225, for the Volvo tractor-trailer. *Id.* at ¶¶ 29 & 30. Accordingly, the parties agreed to keep the same deal structure, but adjusted the amounts as the Freightliner was valued at $10,000 more than the Volvo tractor-trailer. *Id.* at ¶ 31. Plaintiff Nebroskie took possession of the Freightliner on August 24, 2016, along with a refrigerator trailer, which he was

3

renting from Defendant Ameriline for $250 per month to be deducted from his earnings. *Id.* at ¶¶ 35 & 36. Plaintiff Nebroskie allegedly requested a written agreement for the Freightliner and refrigerator trailer, but despite numerous follow-up requests made both orally and in writing, no agreement was ever provided to Plaintiff Nebroskie. *Id.* at ¶¶ 37 & 38. Plaintiffs allege payment in full for the Freightliner was deducted from Plaintiff Nebroskie's earnings from Defendants, but Defendants refused to transfer title for the Freightliner to Plaintiffs. *Id.* at ¶¶ 39-51. On February 6, 2018, Defendants contacted their local police department and reported the Freightliner and refrigerator trailer "stolen." *Id.* at ¶ 52. On February 11, 2018, Plaintiff Nebroskie was arrested, placed in custody, and charged with two counts of Grand Theft Auto in Nassau County, Florida. *Id.* at ¶ 53. Plaintiff Nebroskie was subsequently incarcerated for approximately 24 hours until he posted bail in the amount of $20,000. *Id.* at ¶ 54. The Freightliner and refrigerator trailer were impounded and subsequently returned to Defendants. *Id.* at ¶ 55.

Defendants first moved to dismiss the Complaint for lack of venue or in the alternative, to transfer the case based on improper venue on May 21, 2018. ECF No. 5. Specifically, Defendants contended that venue was improper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims did not occur in this District. ECF No. 20-4 at pg. 5. Instead, Defendants

4

contended that the case should be transferred to the Northern District of Illinois because the parties discussed and executed Plaintiff Nebroskie's employment contract in that district, Plaintiff Nebroskie completed his pre-employment drug test in that district, and Plaintiff Nebroskie took possession of the original Volvo tractor-trailer in that district. *Id.* at pg. 5-6. As part of Plaintiffs' response to Defendants' motion, Plaintiff Nebroskie submitted an affidavit, which presented a narrative of the events giving rise to this suit differing from that put forth in the Complaint. ECF No. 9-1. According to the affidavit, Plaintiff Nebroskie inspected the first Volvo tractor-trailer in Illinois at Ameriline's facility rather than in St. Clair. *Id.* at ¶ 9. Having inspected the vehicle, Plaintiff Nebroskie decided to reject the offer to purchase the vehicle and returned to his home in Pottsville, Pennsylvania. *Id.* at ¶ 10. Approximately two weeks later, Plaintiff Nebroskie says that Defendant Yusupov contacted him via cell phone to invite him to inspect the Freightliner at a shopping center in St. Clair, Pennsylvania. *Id.* at ¶ 11. Plaintiff Nebroskie agreed and upon inspecting the Freightliner, "discussed and arrived at [the] terms of the agreement." *Id.* at ¶¶ 12-14. Plaintiff Nebroskie then travelled to Illinois to gain possession of the Freightliner, as Defendant Yusupov was driving the Freightliner at the time and would have no other means of transportation. *Id.*

5

The Honorable Jeffrey L. Schmehl, who was the assigned judge on this case at that time, issued an Order dated November 6, 2018, denying that motion without prejudice with leave to re-file and ordering the parties to conduct discovery on the issue of proper venue within sixty days. ECF No. 12. The Court decided that "[g]iven the parties' conflicting averments, this Court is unable to determine whether venue is proper under 28 U.S.C. § 1391 – the first step in evaluating transfer or dismissal based on venue consideration. Accordingly, the parties shall conduct discovery on the issue of proper Venue." *Id.*

Defendants filed a Renewed Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) on January 3, 2019. ECF No. 20. Plaintiffs filed their response to Defendants' Renewed Motion on January 18, 2019, without a supporting memorandum of law.[1] ECF Nos. 24 & 25. Defendants filed a Reply brief on January 21, 2019. ECF No. 26. Similarly to the original Motion to Dismiss for Improper Venue, Defendants contend that the Complaint should be dismissed for improper venue because a substantial part of the events or

---

[1] After Defendants filed a letter noting that Plaintiffs had failed to timely respond to Defendants' Renewed Motion, ECF No. 23, Plaintiffs filed a Response, ECF No. 24, and a cover page titled "Memorandum of Law in Support of Plaintiffs' Response to Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue," which in fact did not include a supporting brief. ECF No. 25.

6

omissions giving rise to Plaintiffs' claims did not occur within this District. ECF No. 20-4 at pg. 5. Defendants again argue in the alternative that if the case is not dismissed, it should be transferred under Section 1404(a) to the Northern District of Illinois because venue is proper in that district. ECF No. 20-4 at pg. 7.[2]

For the reasons discussed below, Defendants' Renewed Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (ECF No. 20) will be granted in part.

## III. Legal Standard

In evaluating a transfer or dismissal based on venue considerations, this Court must first analyze whether venue is proper under 28 U.S.C. § 1391. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If venue is proper, this Court may consider transfer under 28 U.S.C. § 1404(a). *Id.* If not, the Court is to consider dismissal or transfer under 28 U.S.C. § 1406. *Id.* Under 28 U.S.C. § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[2] Defendants also purport that Plaintiff has not complied with Judge Schmehl's order because "Plaintiff has taken no discovery on the issue of venue since the time of this Court's order" and that Plaintiff failed to respond to Defendants' Requests for Admission, which included requests related to the alleged basis for venue in this District. ECF No. 20-4 at pg. 3.

7

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. 1391. "In a motion to dismiss for improper venue, the defendant bears the burden of showing that venue is improper." *Dance v. Commonwealth of Pennsylvania*, No. 17-5818, 2018 WL 3350392, at *2 (E.D. Pa. July 9, 2018) (citing *MacKay v. Donovan*, 747 F. Supp. 2d 496, 502 (E.D. Pa. 2010)).

## IV. Discussion

The Court first determines that venue is not proper in this District under 28 U.S.C. § 1391. In this case, Subsection (b)(1) of Section 1391 cannot apply because Defendants are not residents of Pennsylvania. Thus, the Court must consider whether "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this District. 28 U.S.C. § 1391(b)(2). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,' theoretically a more easily demonstrable circumstance than where a 'claim arose.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Furthermore, "[e]ven if some events that gave rise to a claim occurred in a district, events or omissions that

8

might only have some tangential connection with the dispute in litigation are not enough." *Lomanno v. Black*, 285 F. Supp. 2d 637, 642 (E.D. Pa. 2003) (citing *DaimlerChrysler Corp. v. Askinazi*, No. 99-5581, 2000 WL 822449, at *6 (E.D. Pa. June 26, 2000) (citations and quotations omitted)). "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc.*, 36 F.3d at 295.

Here, the only significant event that Plaintiffs allege occurred in this District is that Defendant Ameriline posted an advertisement on the "Allentown, Pennsylvania Craigslist page." ECF No. 1 at ¶ 23; ECF No. 24 at ¶ 9. Defendants, in opposition, have submitted an affidavit in which Defendant Yusupov swears under penalty of perjury that "[c]ontrary to the allegation in Paragraph 23 of the Complaint, Ameriline did not post any advertisements on the Allentown, Pennsylvania Craigslist page in July 2016." ECF No. 21-1 at ¶ 4. Regardless of these contradictory self-serving affidavits, the Court finds it of no importance whether the advertisement was in fact placed on a Craigslist sub-page specifically directed to residents of Allentown for two reasons. First, the advertisement in question was seen by Plaintiffs, both of whom are residents of the Middle District of Pennsylvania. Second, none of the subsequent communications related to the advertisement occurred in the Eastern District. Rather, all of the communications related to the advertisement either occurred in the Middle District or over the

9

telephone between Defendants and Plaintiffs, who are as previously noted,

residents of the Middle District. Accordingly, the Court finds that regardless of the

factual disputes at issue, there is no basis for venue in this District. Thus, the Court

is to next consider dismissal or transfer under Section 1406.[3]

When suit is filed in an improper forum, "district courts are required either

to dismiss or transfer to a proper forum." *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d

Cir. 2007), *as amended* (July 19, 2007), *as amended* (Nov. 23, 2007) (citing

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-466, (1962)). Section 1406 states, in

relevant part, "[t]he district court of a district in which is filed a case laying venue

in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1406. Because it is in the interest of justice to transfer this case to a

proper venue rather than to dismiss the case forcing Plaintiffs to undergo the

expense of refiling the claims at issue, the Court will next determine the proper

venue for transfer.

_____

[3] Defendants contend that transfer of venue should be considered by the Court
under Section 1404(a) rather than Section 1406. However, Defendants fail to
establish that venue is proper in this district, a prerequisite for considering transfer
under Section 1404. In fact, Defendants themselves argue that venue is not proper
in this District. Accordingly, transfer under Section 1404 would be inappropriate
in this matter.

10

Defendants request that this case be transferred to the Northern District of Illinois primarily on the basis that the "contract was executed in Illinois," Plaintiff Nebroskie's "pre-employment drug testing took place in Illinois," Plaintiff Nebroskie "picked up the tractor-trailer in Illinois," and "Moving Defendants allegedly called their local police department in Illinois to report the vehicle stolen." ECF No. 20-4 at pg. 8. First, the "contract" Defendants refer to is not the alleged lease-purchase agreement, which Plaintiffs purport was entered into in a shopping center parking lot in St. Clair, but instead refer to Defendant Ameriline's employment agreement with Plaintiff Nebroskie. Plaintiff Nebroskie asserts no claims arising under that contract and thus, the claims do not arise from that occurrence. Relatedly, Plaintiff Nebroskie's pre-employment drug test being taken in Illinois also fails to establish that venue is proper in the Northern District of Illinois for the same reason. Second, Defendants' calling the local police department in Illinois to report the vehicle "stolen" does not establish venue in the Northern District either. As a result of that report, Plaintiff Nebroskie was arrested and detained in Florida. Thus, it is insignificant that the report was filed in the Northern District as the effects of the report did not occur in the Northern District; they occurred in another unrelated state entirely. Third, it is of some significance that Plaintiff Nebroskie "picked up" both the tractor-trailer and the Freightliner from Defendant Ameriline in the Northern District of Illinois. However, Plaintiffs

11

purport that the true agreement at issue here, the lease-purchase agreement for the Freightliner, was negotiated and agreed upon in the shopping center parking lot in St. Clair Pennsylvania, which is in the Middle District. Thus, the Middle District is "the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b)(2). This case is accordingly transferred to the Middle District of Pennsylvania.

## V. Conclusion

For the foregoing reasons, Defendants' Renewed Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (ECF No. 20) will be granted in part. An appropriate Order follows.

DATED: 2-22-2019

BY THE COURT:

CHAD F. KENNEY, J.

12